CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

SEP 30 2009

JOHN F. CORCORAN, CLERK
BY:
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **LEONARD E. TURNER,**<br>**Plaintiff,** | ) <br> ) <br> ) | Civil Action No.7:09CV00372 |
| v. | ) <br> ) <br> ) | **MEMORANDUM OPINION** |
| **J. PATTERSON RODGERS III,**<br>**Defendant.** | ) <br> ) | By: Samuel G. Wilson<br>United States District Judge |

Leonard E. Turner, proceeding *pro se*, brings this action against J. Patterson Rodgers III. The complaint Turner filed with the court is unintelligible. It fails to meet minimum standards of rationality and clarity. Therefore, the court finds that Turner has failed to state a viable claim within the court's jurisdiction. Accordingly, the court, acting *sua sponte*, dismisses the complaint as frivolous but grants Turner leave to replead within ten (10) days.

### I.

Having paid the required filing fee, Turner filed a complaint with this court on September 3, 2009. The complaint alleges that Rodgers, an attorney at law, engaged in conspiracy and perjury by "committing fraud with intent to stop me [Turner] from obtaining an attorney to file a lawsuit against Dr. Ogden for cutting my hip up without my say so"; conspiracy and perjury "to cover up an attempt to commit murder of Leonard E. Turner by Dr. William S. Ogden while in the hospital from a car accident"; conspiracy and perjury "on paper of setting up a court to commit Leonard E. Turner to a mental hospital by a judge to harm"; conspiracy and perjury "of defamation of character and slander to harm;" conspiracy "of going into a court with A. N. Turner and Shirley D. Turner and setting up a guardian document of mental problems and giving A. N. Turner or Shirley D. Turner the power over me, Leonard E. Turner." (Complaint.)

Turner's complaint seeks copies of all records and documents relating to him such as all mental health records that Rogers purportedly has in his "hidden files." (Complaint.)

## II.

Turner's complaint does not state a viable claim within the court's jurisdiction.[1] Nowhere does his complaint establish that the case is based either on diversity jurisdiction or federal question jurisdiction. In fact, his complaint outright fails to address jurisdiction. Furthermore, Turner's complaint fails to allege facts that give rise to a cognizable claim within the court's jurisdiction. Therefore, the court, *sua sponte*, dismisses the complaint as frivolous.

When a complaint fails to state a viable claim within the court's jurisdiction, the court must dismiss that frivolous complaint, and it may do so *sua sponte*, even if the plaintiff has remitted the required filing fee. See Crowley Cutlery Co. v. United States, 849 F.2d 273, 277 (7th Cir. 1988) (stating that "[n]o one doubts the authority of a federal district judge to dismiss a frivolous suit on his own initiative,[2] and whether he calls it a dismissal for failure to state a claim

---

[1] The court recognizes that it is required to "liberally construe *pro se* documents." See Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, "the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court." Mills v. Greenville County, 586 F.Supp.2d 480, 487 (D.S.C. 2008) (referencing Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990)).

[2] A federal district court judge, on his own initiative, may dismiss a frivolous complaint that fails to state a claim even when the plaintiff has remitted the required filing fee. See Fitzgerald v. First East Seventh St. Tenants Corp., 221 F.3d 362, 364 (2d Cir. 2000) (holding that "district courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee."). In Fitzgerald, the Second Circuit stated that
> [d]istrict courts and courts of appeals are equally capable of determining when an action is frivolous. Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources.

Fitzgerald, 221 F.3d at 364. See also Mallard v. United States District Court, 490 U.S. 296, 307

or a dismissal for lack of jurisdiction is a detail. However, if frivolous suits do not invoke federal jurisdiction, dismissal is mandatory."). It is well-established that district courts are "courts of limited subject matter jurisdiction." Pinkley, Inc. v. City of Frederick, MD, 191 F.3d 394, 399 (4th Cir. 1999). Because district courts are courts of limited jurisdiction, "there is no presumption that the court has jurisdiction." Id. (referencing Lehigh Mining & Manu. Co. v. Kelly, 160 U.S. 337 (1895)). Accordingly, to state a viable claim within the court's jurisdiction "the facts providing the court [with] jurisdiction *must* be affirmatively alleged in the complaint." Pinkley, 191 F.3d at 399 (referencing McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936)) (emphasis added). Fed. R. Civ. P. 8(a)(1) specifically requires that complaints and other pleadings seeking relief contain "a short plain statement of the grounds upon which the court's jurisdiction depends . . ." Fed. R. Civ. P. 8(a)(1) (2006). There is some authority, however, that "in the absence of an affirmative pleading of a jurisdictional basis a federal court may find that it has jurisdiction *if* the facts supporting jurisdiction have been *clearly pleaded*." Pinkley, 191 F.3d at 399 (emphasis added). "The pleading can either refer to the appropriate jurisdictional statute or contain factual assertions that, if proved, establish jurisdiction." Id.

---

(1989) (mentioning in *dicta* that "Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); Mills v. Greenville County, 586 F.Supp.2d 480, 487 (D.S.C. 2008) citing Cummings v. Giuliani, No. 00 Civ. 6634 SAS, 2000 WL 1597868 (S.D.N.Y. 2000) (finding that where a non-prisoner *pro se* plaintiff paid the filing fee to bring a civil action, the action was subject to dismissal with prejudice because it presented no arguably meritorious claim); Rolle v. Berkowitz, No. 03 Civ. 7120 DAB RLE, 2004 WL 287678 (S.D.N.Y. 2004) (finding that it was appropriate to dismiss with prejudice *sua sponte* a fee-paying *pro se* plaintiff's action because the court determined that the claims presented no arguably meritorious issue to consider).

Turner's complaint lacks "a short plain statement of the grounds upon which the court's jurisdiction depends" as required by Fed. R. Civ. P. 8(a)(1). Nowhere, in the complaint does Turner refer to the appropriate jurisdictional statute, and his complaint lacks factual assertions that, if proven, establish jurisdiction. The facts set forth in Turner's complaint are anything but clearly pleaded. The complaint is unintelligible. Turner has not stated a viable claim within the court's jurisdiction. Therefore, because the shortcomings of Turner's frivolous complaint are jurisdictional, the court must dismiss the complaint, which it may do *sua sponte*, even though Turner has paid the required filing fee. In the interests of justice, however, the court grants Turner leave to replead within ten (10) days of the issuance of this opinion and accompanying order. Should Turner choose to replead, the court requires that his new pleading comport with the requirements of Fed. R. Civ. P. 8(a)(1).

## II.

For the reasons stated herein, the court dismisses Turner's complaint *sua sponte* but grants Turner leave to replead within ten (10) days of the issuance of this opinion and accompanying order.

**ENTER**: This September 30, 2009.

_____
UNITED STATES DISTRICT JUDGE

4

Case 7:09-cv-00372-SGW   Document 4   Filed 09/30/09   Page 4 of 4   Pageid#: 9